Curia, per

Richardson, J.
The object of the appeal *470 would seem to be, to induce the court to reconsider their former decisions, in the cases of the Stale vs. D. T. Free, and against M. Lemon, 2 Hill, 628 ; and against N. Fields, 2 Bail. 554.
Free’s case was for trading with a slave, Lemon’s for harboring an absconding slave, and Fields’s case for passing a counterfeit bank note of another State.
In the two cases first named, the penalty was fine and imprisonment.
In the three cases it is decided, under our Acts of 1712, (2 Stat. 586,) and of 1748, (3 Stat. 701,) that although an indictment does not lie for the pecuniary penalty, after six months from the commission of the offence, yet still, the indictment is good for the penalty of imprisonment.
In the case against Lemon, and more at large in that against Fields, the Acts of 1712 and of 1748 are set forth, and shewn, by satisfactory reasoning, to be Acts upon the same subject matter, and constituting one law.
The argument for the identity between the Acts, or the exposition to prove that the term “penalty,” introduced into the Act of 1748, in addition to the terms “fines and forfeitures” in the Act of 1712, need not be again and again repeated. Those decisions have been often recognized and carried into practice.
The statutory fine is barred, but not the imprisonment.
I will now, therefore, merely notice, that by the Act of 1712, the limitation of six months, for the recovery of fines and forfeitures, which plainly mean pecuniary mulcts only, and not corporal or personal punishments, is made the legal bar to civil and qui tam actions only, and is restricted to fines and forfeitures imposed by Acts of force in 1712.
It may be well to remark, that the Act of 1712 was passed expressly for the limitation of civil actions, without any reference to public prosecutions.
The Act of 1748 then follows, and in terms extends the limitation of six months, to penalties, fines and forfeitures, under all Acts passed or to be passed, and enacts the same limitation of time to public prosecutions and to civil actions also.
This extension of the legal bar to public prosecutions, *471 naturally introduced the additional term of the Act of 1748, namely, “penalty,” and thoughout this Act the defendants are called “offenders against the law,” but these terms are not found in the Act of 1712.
“Penalty, and offenders,” are harsh terms, usually applied to a man accused or indicted, not merely sued by an individual — and are plainly thus introduced for the new purpose of limiting public prosecutions for fines and forfeitures, as well as civil actions.
If we look at the title of this Act, it plainly indicates, that fines and forfeitures alone are meant by the term “penalty.” > The title is this — “An Act limiting the time for commencing prosecutions for the recovery of penalties and forfeitures.” It is not for the infliction or imposing of penalties, or the like. The penalty of pecuniary fines is meant to be limited in the time of their recovery.
“Recovery” is the usual and proper term for judgments for money or property. But take a higher principle of construction. Such limitations are in derogation of the principles and good policy of the common law, which allows of no such bars to prosecutions, by the concealment of offenders, or delay in prosecuting offenders.
It follows that Acts which would introduce such limitations, must be clear and explicit; or the common law principle still prevails, and no such inexplicit Acts can supersede its wise policy and general application.
I have derived my general judicial opinion, upon the main question before the court, chiefly from the expositions of Judges EvaNs, Harper and Earle, in the three cases of Fields, Free and Lemon, hut without repeating their arguments. I have regarded the apparent aim of the defendant’s counsel, to have the principle of those cases again considered by the court, and I therefore add a brief supplement to such former expositions of the Act of 1748. I can perceive no sufficient reason for a different construction of the Act.
Terms must be understood by their subject, and the object aimed at by the law, and it is, I think, plain in this instance, that the terms “any penalty, fine or forfeiture,” in the Act of 1748, mean no more than the fines and for *472 feitures of the Act of 1712, and must be understood t© mean penalty by fine and forfeiture.
The terms used are, at least, too inexplicit to alter the rule of the common law, in a matter so important as the suppression of such offences against public morals as gaming.
But let us see if there is not good reason for an early bar to the recovery of fines, and also for leaving the imprisonment without the same bar. Individuals are interested, and therefore are more active in the recovery of specific fines laid by statutes, because they usually get a part for informing and prosecuting to conviction.
In the very case before us, as in Free’s and Lemon’s cases, the prosecutor gets a large portion of the fine.
But individuals have no such interest in personal punishments. The '•’•fames auri” is not whetted.
Now, then, is there hot an obvious reason for limiting prosecutions for pecuniary fines to a named time'? And is it not rational to ascribe to the Legislature of 1748 some knowledge of what they were about 1
To my own understanding, the restriction of the limitation to statutory penalties only, and not to those of the common law, admonishes us of the intended discrimination of fines from other punishments. Dispense with it, and you sweep away, after six months, the punishment of horse stealing of every kind, of harboring, or stealing, or slaying slaves, or trading with them, of receiving stolen goods, swindling, gaming, cheating by false tokens; all of which, and many other offences, are punished only by statutory penalties.
But further, the Act of 1748 is very general.' “In all and every case where the penalty is imposed by Act,” are the terms, and may well embrace all common law offences whatever, where the penalty is inflicted under a statute. There is, therefore, prudence, good sense and good policy in the Act of 1748, as heretofore expounded. And I would adhere to our past adjudications, from a conviction of their fitness, propriety and just discrimination in the construction of the Act of 1748.
Those adjudications are, then, conclusive upon the first *473 ground of the appeal. The fine is barred, not the prosecution for personal punishments.
The other ground is, that no day anterior to the six months is designated in the indictment. But the exact day of the offence need not be charged in indictments. And when circumstances render the precise time of consequence, it must be pleaded, in order that the solicitor may assign the exact time.
But this not being done, constitutes no fault in the form of the indictment. It is perfect upon its face, and that is enough. And the court will not assume an antiquated, possible case, in order to arrest or set aside the verdict. Such a case, if conviction followed, would belong to the evidence, and should be urged for a new trial, not in arrest of judgment.
But under no possible pleading could the lapse of time avail the defendant, when the court has decided that the prosecution is not barred.
In the two cases, James’s (a.) and Fraser’s, (b.) the converse was assumed; the prosecutions were barred, said the court, and therefore the judgments were arrested. But here the prosecution is not barred, and therefore the judgment is not arrested.
The defendant’s motion is dismissed unanimously, not merely upon the authority of former decisions, but because a different construction of the Act of 1748 would be erroneous.
The whole court concurred.

 2 Bay, 215.

 2 Bay, 96.